SUSANNA MARSHALL ET AL. *v.* W. F. VANMETER ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—619.]

**Equities of Wife in Real Estate.**

Where in a petition it is shown that land was purchased with the wife's money and by mistake the conveyance was made to the husband, and the exhibits filed with the petition show that such deed had been made . more than twenty years and that the husband had deeded portions of it as if no mistake had been made and without any objections by the wife, the rights of the husband's creditors, which became certain by the levy on the land, are superior to the stale equity of the wife unsupported by the allegations of any specific facts showing that the money paid for the land was her's.

**Homestead.**

Land including the dwelling-house and appurtenances owned by the debtor not exceeding in value one thousand dollars, is exempt as a homestead; and neither the presumption that the officer in making a levy on such land did his duty nor the mistake in valuation or fraudulent valuation by appraisers can bar them of their right to a homestead of' one thousand dollars in value.

APPEAL FROM GRAYSON CIRCUIT COURT.

February 9, 1882.

Opinion by Judge Hargis:

Appellants allege in their petition, in substance, that the land was bought from Butte with the wife's money, that by mistake the deed was made to the husband; that it is not worth $1,000; that the appellees' debt was created since June, 1866, and subsequent to the erection of the improvements, and it was not for purchase-money; that appellants are bona-fide housekeepers with a family, and as such were residing on the land as a homestead when appellees' execution was issued and levied on it, the land sold and the deed made by the sheriff. They sought a reformation of the mistake .in the deed, and to enjoin further proceedings by the appellees under their deed to obtain possession from appellants, to quiet their title to their homestead and remove the cloud therefrom created by the levy, sale and deed by the sheriff.

To the petition a demurrer was sustained, and so far as the alleged purchase and deed from Butte are concerned, we think it was properly sustained, because the exhibits filed with the petition show that the deed had been made for about twenty years, and that appellants had sold and deeded portions from the original tract as if no mistake had been made in the deed to the husband; and the appellees' rights, which became certain by the levy, were superior to the stale equity of the wife unsupported by the allegations of any specific facts showing that the money paid for the land was her's.

These reasons are stated without reference to the question of homestead, for, whether the land belonged to the one or the other, the petition contains sufficient allegations to entitle appellants to protection of the homestead.

It was not necessary to allege that the sheriff **did not appoint** appraisers to value and set apart a homestead to the appellants, or that he did appoint them, and either by fraud or mistake of judgment they failed to allot a homestead of $1,000 in value. The appointment of appraisers and their acts are matters of defense. The appellants would not be concluded by the valua-

tion of the appraisers, even if any had been made, for they may not, as is usually the case, have had any particular knowledge of the appointment, and consequently they should be given in all cases an opportunity of being heard as to the value of the homestead; otherwise the exemption law might prove a shadow rather than substance.

The law says that there shall be exempted so much land, including the dwelling-house and appurtenances owned by the debtor, as shall not exceed in value one thousand dollars; and neither the presumption that the officer did his duty nor the mistaken or fraudulent valuation by appraisers, before whom the appellants could not appear and be heard as a matter of right, can bar them of their right to a homestead of one thousand dollars in value, if it has not been set apart to them, and if this has been done the appellees can establish it by taking the affirmative and proving the fact.

The petition on this point was sufficient. Wherefore the judgment is *reversed* and cause remanded with directions to overrule the demurrer and for proper proceedings.

*Wilson & Hobson, W. R. Haynes, for appellants.*
*Conklin & McBeath, G. W. Stone, for appellees.*